[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE #103)
The plaintiffs, Kevin and Cynthia Katske, bring this action to recover for damage to the engine of their automobile allegedly caused by an improper oil change and/or the sale and installation of a defective oil filter. Named as defendant is Fairfield Fast Oil, Inc. d/b/a Expressway Drive-Thru Lube Centers.
In the first count of the complaint, the plaintiffs assert a common law negligence claim based on allegations that the defendant failed to properly perform an oil change, failed to properly install the oil filter, and failed to properly train its employees. In the second count, the plaintiffs assert a claim pursuant to the Product Liability Act, General Statutes § 52-572n et seq. based on allegations that the defendant sold them a defective oil filter. The third count sounds in breach of contract, and is based on allegations that after the plaintiffs' vehicle was damaged, the defendant's agent expressly agreed to reimburse the plaintiffs for their expenses in renting a replacement vehicle.
On January 6, 1995, the defendant filed a motion to strike the first and third counts of the complaint on the ground that they are precluded by the Product Liability Act, which is claimed by the plaintiffs as a ground for recovery in the second count of their complaint. On January 17, 1995, the plaintiffs filed a memorandum in opposition.
"Whenever any party wishes to contest the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief may be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 152(1); Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989). In ruling on a motion to strike, the court is limited to the facts alleged in the pleading; Rowe v. Godou, 209 Conn. 273, 278,550 A.2d 1073 (1988); which must be construed in the light most favorable to the pleader. Gordon v. Bridgeport Hospital, 208 Conn. 161, 171,540 A.2d 1185 (1988).
The Product Liability Act, General Statutes § 52-572n(a), provides in pertinent part that "[a] product liability claim . . . may CT Page 1360 be asserted and shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product."
In the present case, the plaintiffs' common law negligence claim is based upon allegations that the defendant was negligent in performing a service (performing an oil change). This count does not allege that the defendant was a product seller who sold the plaintiffs a defective product. Therefore, since the first count is not dependent upon allegations of "harm caused by a product," the plaintiffs' common law negligence claim is not precluded by the Product Liability Act.
Likewise, a fair reading of the third count reveals that it is not based on the alleged sale of a defective product or "harm caused by a product." Rather, the plaintiffs' allege a breach of an express promise by the defendant's agent to reimburse them for their expenses in renting a replacement vehicle. As such, this claim is not per se within the scope of the Product Liability Act, because the plaintiffs' additional damages might have been caused by the defendant's negligence in providing a service to the plaintiffs (i.e., performing an oil change), rather than by the defendant's sale of a defective product to the plaintiffs.
Accordingly, the defendant's motion to strike the first and third counts is denied.
MAIOCCO, J.